United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed January 21, 2000

 No. 98-1227

 Anadarko Petroleum Corporation, et al., 
 Petitioners

 v.

 Federal Energy Regulatory Commission, 
 Respondent

 Amoco Production Company, et al., 
 Intervenors

 Consolidated with 
 Nos. 98-1228, 98-1229, 98-1230, 98-1231, 
 98-1232, 98-1297 & 98-1298

 On Petition for Rehearing

 ---------

 Before: Edwards, Chief Judge, Sentelle and Randolph, 
Circuit Judges.

 Opinion for the Court filed Per Curiam.

 Per Curiam: Subsequent to our decision of October 29, 
1999, the Commission petitioned for rehearing seeking clarifi-
cation on the issue of the effective date for refunds discussed 
in Part V of our opinion. See Anadarko Petroleum Corp. v. 
FERC, 196 F.3d 1264, 1269-70 (D.C. Cir. 1999). Information 
presented to the Commission in other proceedings indicated 
that two of the factual assumptions upon which our opinion 
was premised were incorrect. First, contrary to this panel's 
understanding, see id. at 1270, the tax assessment sent to the 
producers by the State of Kansas between October and 
November of a given year was for the same calendar year and 
not the previous year. Second, the Commission discovered 
that producers most commonly sought reimbursement of the 
Kansas ad valorem tax from their customers in lump sum 
transactions and not by "raising their prices in individual 
transactions." Id. Thus, the Commission was uncertain how 
to give effect to the court's holding that "it is the overcharges 
made in those individual transactions (plus interest) that the 
producers must now repay." Id.

 Whatever the nature of these transactions, the principle 
embodied in our decision remains unchanged. The Kansas 
tax should not have been subject to reimbursement for sales 
exceeding the maximum lawful price under s 110 of the 
Natural Gas Policy Act of 1978, 15 U.S.C. s 320(a)(1) (1988) 
(repealed). However, the producers did not have notice that 
this practice was questionable until October 4, 1983. See 
Anadarko, 196 F.3d at 1266 (describing our earlier holding in 
Public Service Co. of Colorado v. FERC, 91 F.3d 1478, 1490 
(D.C. Cir. 1996)). If the producers collected tax reimburse-
ments from their customers after that date, whether by lump-
sum transactions or by any other means, they did so unlaw-
fully and must refund the amounts collected with interest, 
provided that the tax reimbursements caused their sales to 
exceed the maximum lawful price. We leave to the Commis-
sion the unenviable task of applying this principle to the facts 
of ancient transactions.

 * * *

 The petition for rehearing is granted. The portions of our 
opinion of October 29, 1999, which are inconsistent with this 
opinion are withdrawn. The orders under review are vacated 
insofar as the question of refund dates is concerned and this 
issue is remanded to the Commission for further proceedings 
consistent with this clarification.